```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**JOSHUA J. ROBERTSON,**

        **Plaintiff,**

                                                CIVIL ACTION
    **vs.**                                        No. 07-3162-SAC

**STATE OF KANSAS, et al.,**

        **Defendants.**


### ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc *et seq.*, by a prisoner in state custody.[1] Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[2]

---

[1] Although the complaint also identifies Jennifer Self as a plaintiff, she did not sign the pleading, nor is any relevant financial information supplied in support of the motion for leave to proceed in forma pauperis. The court therefore construes this as a civil action filed only by plaintiff Robertson.

[2] Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action upon his satisfaction of the fee obligation in Case No. 05-3149. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the

Plaintiff asserts that prior to their incarceration, he and Jennifer Self, who is in state custody, made an informal declaration of their intent to be married. He asserts that their present separation prevents them from procreation and violates their religious beliefs. Plaintiff also complains that this constitutes gender discrimination, as homosexual conduct occurs in the prison.

Finally, plaintiff seeks access to a laptop computer with Internet access to allow him to pursue stock trading.

## Discussion

A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In addition, the court must screen this matter pursuant to

---

amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

2

28 U.S.C. § 1915A, which provides, in part:

> **(a) Screening**.-The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Thus, this complaint may be dismissed upon initial review if the court finds the plaintiff's claims meet any of the enumerated criteria.

First, to the extent plaintiff challenges the legality of his conviction and incarceration and seeks his release, he must proceed in habeas corpus. "[W]hen a state prisoner is challenging the...duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to...a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Under federal statute, plaintiff must exhaust available state court remedies before he may seek habeas corpus relief in a federal court. 28 U.S.C. § 2254. Thus, any claims directly challenging the criminal proceedings against plaintiff must be presented in a separate action for habeas corpus relief.

Next, to the extent plaintiff seeks access to a computer to allow him to trade on the stock market, he states no claim for relief. It is settled law in the Tenth Circuit that a prisoner has no constitutional right to employment in the absence of a regulation creating such an entitlement. *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994); *accord Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). This claim also will be dismissed.

Finally, plaintiff seeks contact visitation to further his religious belief in procreation. This claim is grounded on both the First Amendment and the RLUIPA.

While "[i]nmates ... retain protections afforded by the First Amendment, including ... free exercise of religion," *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1978), it is settled that lawful incarceration requires the "necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id*.

Thus, although prisoners have a fundamental right to marry,[3] that right is limited in the context of an incarcerated person due to security concerns. *Turner v. Safley*, 482 U.S. 78, 95

---

[3] The court offers no opinion on whether the plaintiff is legally married.

4

(1987).  The United States Supreme Court has determined that a prohibition on contact visits is a legitimate means of protecting prison security, *Block v. Rutherford*, 468 U.S. 576, 586 (1984), and no court has found that a denial of conjugal visits to prisoners violates the Constitution.  *Saleem v. Helman*, 124 F.3d 205 (Table), *2, n. 4 (7th Cir. 1997)(collecting cases). *See also Ali v. Tennessee Department of Corrections*, 168 F.3d 489 (6th Cir. 1998)(Table)(affirming summary dismissal of complaint by prisoner and spouse seeking conjugal visitation under First Amendment)[4].

Thus, the governing case law requires the dismissal of plaintiff's claim under the First Amendment for failure to state a claim for relief.

Plaintiff also advances a claim for conjugal visitation under the Religious Land Use and Institutionalized Persons Act (RLUIPA).  The RLUIPA prohibits government action that imposes a "substantial burden on the religious exercise" of a prisoner unless the defendant demonstrates that the burden "is in furtherance of a compelling governmental interest; and...the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1.

---

[4] Copies of unpublished decisions cited in this order are appended.

Having considered the plaintiff's claim, the court concludes that his request may be summarily denied. First, the provision of conjugal visits obviously would involve a considerable burden on prison officials. *See Lindell v. Casperson*, 360 F.Supp 2d 932, 944 (W.D. Wis. 2005)("Supervising, arranging, and finding appropriate space to allow conjugal visits would be administratively burdensome and pose security risks.") Likewise, the practice of allowing conjugal visits to some prisoners on religious grounds while denying the same to others would undermine institutional security interests. *See Marsh v. Granholm*, 2006 WL 2439760, *10 (W.D. Mich. 2006)(rejecting prisoner's request under RLUIPA "to engage in private heterosexual procreation" and concluding that "preventing Plaintiff from doing so is the least restrictive means to further the government's interest in institutional safety".)

Finally, plaintiff's effort to characterize the lack of conjugal visitation as gender discrimination is spurious. The occurrence of predatory homosexual activity in prisons is surely among the most intractable problems faced by prison administrators, but it is not the sort of purposeful governmental action based upon gender that offends the Constitution.

Accordingly, this court rejects plaintiff's claim for conjugal visitation advanced under RLUIPA.

## Conclusion

For the reasons set forth, the court concludes this matter may be summarily dismissed for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the filing fee obligation imposed in Case No. 05-3149 and the $350.00 filing fee in this action.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. 4) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the El Dorado Correctional Facility.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 10th day of December, 2007.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        United States Senior District Judge