IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA J. ROBERTSON,**

    **Plaintiff,**

    v.                                                    CASE NO.  07-3162-SAC

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for relief from judgment filed under Fed. R. Civ. P. 60(b)(4) (Doc. 46).  Although this case was dismissed on December 10, 2007, Plaintiff filed this most recent motion for relief from judgment on February 13, 2024.  Plaintiff has filed multiple similar motions that have been denied by this Court and affirmed on appeal.

Despite these prior rulings, Plaintiff is once again seeking relief from judgment under Rule 60(b)(4), arguing that before the Court dismisses a case sua sponte, the Court must give the parties notice of the Court's intention and an opportunity to respond.  (Doc. 46, at 2.)  Plaintiff alleges neither he nor the defendants were given notice and an opportunity to respond prior to the Court's dismissal.  *Id*.  Plaintiff then makes arguments on the merits of his claims, despite the Tenth Circuit's opinion affirming the dismissal based on Plaintiff's failure to state a claim.  *See Robertson v. Kansas*, No. 08-3235, 301 F. App'x 786 (10th Cir. Dec. 5, 2008) (unpublished) ("the dismissal of Robertson's complaint is **affirmed** for substantially the reasons stated in the district court orders dated December 10, 2007, and August 15, 2008").

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *see also Servants of the Paraclete v. Does,* 204 F.3d 1005,

1

1009 (10th Cir. 2000). Rule 60(b)(4) provides that the Court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017) (unpublished) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002).

Plaintiff's arguments regarding the Court's sua sponte dismissal of his claims have been rejected by this Court and the Tenth Circuit. The Tenth Circuit held that the Court's dismissal of this case did not render the judgment void; and upheld the Court's denial of his previous Rule 60(b) motion, finding that:

> In 2007, Robertson filed a 42 U.S.C. § 1983 civil rights action alleging in part that the defendants violated his rights under the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. § 2000cc–1 to 2000cc–5. Specifically, Robertson alleged that the defendants substantially burdened the free exercise of his religious beliefs by refusing to permit him to cohabitate and procreate with Jennifer Self, a female state prisoner he identifies as his common-law wife.
>
> The district court granted Robertson IFP status but dismissed Robertson's civil action for failure to state a claim. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(ii). Robertson timely appealed, and this court summarily affirmed the district court's judgment for substantially the same reasons stated by the district court. *Robertson v. Kansas,* 301 Fed. Appx. 786 (10th Cir. 2008) (unpublished).
>
> In January 2015, Robertson filed a series of post-judgment motions in district court, reasserting his challenges to the dismissal of his RLUIPA claim. He sought relief under Rule 60(a), contending the district court committed a clerical mistake by dismissing his claim before serving process on the defendants. Robertson also sought relief under Rule 60(b)(4), alleging the district court's dismissal of his claim before process had been served deprived the court of personal jurisdiction and rendered the judgment void. Robertson

later moved to vacate the judgment under Rule 60(b)(4) for the same reason. The district court denied Robertson's Rule 60 motions as untimely and, alternatively, as without merit.

After Robertson filed his notice of appeal, the district court denied Robertson's motion for leave to proceed on appeal IFP. The district court certified that the appeal was not taken in "good faith" given this court's prior decision affirming the 2007 district court judgment. *See* 28 U.S.C. § 1915(a)(3) (providing "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith").

Robertson timely appeals the denial of his Rule 60(b)(4) motions and moves this court for leave to proceed on appeal IFP. We review de novo a district court's ruling on a Rule 60(b)(4) motion. *Gschwind v. Cessna Aircraft Co.,* 232 F.3d 1342, 1345 (10th Cir. 2000). We also review de novo Robertson's motion for IFP status. *See Boling–Bey v. U.S. Parole Comm'n,* 559 F.3d 1149, 1154 (10th Cir. 2009) (explaining appellate court's consideration of motion for IFP status "is not a review of the district court's denial, but an original consideration").

Robertson argues the district court erred in denying his Rule 60(b)(4) motions (1) as untimely, and (2) on the merits. We agree that the district court erred in finding Robertson's Rule 60(b)(4) motions untimely. *See Gschwind,* 232 F.3d at 1345–46 (noting a Rule 60(b)(4) motion attacking judgment as void is not subject to any time limitation). Nevertheless, the district court correctly concluded that Rule 60(b)(4) affords Robertson no relief.

A judgment is void only if the court that rendered it lacked jurisdiction over the parties or subject matter, or acted in a manner inconsistent with due process. *United States v. Buck,* 281 F.3d 1336, 1344 (10th Cir. 2002). In his Rule 60(b)(4) motions and appellate brief, Robertson asserts this general definition of a void judgment. But even liberally construing his filings,[] we interpret his argument as asserting only that the judgment is void for lack of jurisdiction.[] Specifically, Robertson argues the district court's dismissal of his RLUIPA claim before service of process on the defendants and without requiring a responsive pleading constituted insufficient service of process and rendered the district court's 2007 judgment void for lack of personal jurisdiction.

The district court properly rejected this argument. Under 28 U.S.C. § 1915A(a), a district court shall review a prisoner's complaint against a governmental entity or officer or employee of that entity

3

> either "before docketing" or "as soon as practicable after docketing." And under § 1915A(b)(1), the court shall dismiss such a complaint if that review reveals a failure to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B)(ii) (directing courts to dismiss civil action filed by prisoner proceeding IFP "at any time" if court determines action fails to state claim on which relief may be granted). We have explained that § 1915A does not require that process be served or that the plaintiff be provided an opportunity to respond before dismissal. *Plunk v. Givens,* 234 F.3d 1128, 1129 (10th Cir.2000).
>
> Because § 1915A requires a district court to dismiss a prisoner's civil action for failure to state a claim as soon as practicable, a judgment dismissing such an action before service of process isn't void for lack of personal jurisdiction. And, as the district court noted, § 1915A applies to RLUIPA claims. *See* 42 U.S.C. § 2000cc–2(e) (explicitly stating that "[n]othing in [RLUIPA] shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act)"); *Plunk,* 234 F.3d at 1129.
>
> Because the district court's dismissal of Robertson's RLUIPA claim under § 1915A did not deprive the district court of personal jurisdiction, Robertson is not entitled to relief from judgment under Rule 60(b)(4). Accordingly, we affirm the district court's orders denying relief. However, we grant Robertson's motion to proceed on appeal IFP, and we remind him that he remains obligated to continue making payments until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

*Robertson v. Kansas*, 624 F. App'x 969, 970–72 (10th Cir. Aug. 13, 2015) (unpublished).

The Tenth Circuit did not address Plaintiff's arguments regarding the merits of his claims, noting that "Robertson's opportunity to directly attack the underlying judgment expired with his unsuccessful direct appeal." *Id*. at n.2 (citing *see Robertson,* 301 F. App'x 786 (10th Cir. 2008) (unpublished), *see also V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224–26 (10th Cir. 1979) (distinguishing erroneous judgments subject to attack through direct appeals from void judgments subject to attack through Rule 60(b)(4))).

The Court denies Plaintiff's current motion for the same reasoning set forth in the Tenth Circuit's opinion set forth above. The Tenth Circuit explained that the Court can dismiss a case at screening with no requirement that process be served or that the plaintiff be provided an opportunity to respond before dismissal. Plaintiff has failed to show that he is entitled to relief under Rule 60(b)(4). Furthermore, Plaintiff's opportunity to argue the merits of his claims expired with his unsuccessful direct appeal.

Plaintiff's current motion is the tenth motion for relief from judgment that Plaintiff has filed following the Tenth Circuit's decision affirming the dismissal of this case. *See* Docs. 22, 23, 24, 26, 28, 34, 38, 41, 44, and 46. Any further attempts to raise previously-rejected arguments as the basis for a Rule 60(b) motion may be summarily denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for relief from judgment filed under Fed. R. Civ. P. 60(b)(4) (Doc. 46) is **denied.**

**IT IS SO ORDERED.**

**Dated February 14, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**