IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA J. ROBERTSON,**

    **Plaintiff,**

    v.                                                          CASE NO. 07-3162-JWL

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil rights action was dismissed on December 10, 2007. (Docs. 8, 9.) On February 27, 2024, Plaintiff filed a Notice of Appeal (Doc. 51), appealing this Court's February 14, 2024 Memorandum and Order (Doc. 48) denying his motion for relief from judgment and this Court's February 20, 2024 Memorandum and Order (Doc. 50) denying his motion for reconsideration and relief from judgment. This matter is before the Court on Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 55).

Section 1915(g) provides that "[i]n no event shall a prisoner . . . appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is a three-strikes litigant as noted by the Tenth Circuit in the order entered in Plaintiff's appeal:

> It appears that, before filing this appeal, Appellant Joshua James Robertson filed three or more civil actions or appeals, while incarcerated, each of which was dismissed on grounds that it was frivolous, malicious, or failed to state a claim on which relief could

> be granted: **(1)** *Robertson v. State of Kansas*, Case No. 07–CV–3162, 2007 WL 4322781 (D. Kan Dec. 10, 2007) (dismissing prisoner civil rights case for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)), *aff'd* No. 08–3235, 301 F. App'x 786 (10th Cir. Dec. 5, 2008); **(2) & (3)** *Robertson v. McCullough*, Case No. 17–CV–3211 (D. Kan. Dec. 22, 2017) (dismissing prisoner civil rights case for failure to state a claim for relief under 28 U.S.C. § 1915A(b)(1)), *aff'd and appeal dismissed as frivolous*, No. 17-3276 (10th Cir. June 28, 2018) (imposing third PLRA strike). As a result, it appears that Mr. Robertson has accumulated at least three "prior occasions" or strikes pursuant to 28 U.S.C. § 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306 (10th Cir. 2011); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172 (10th Cir. 2011); *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 539 (2015).
>
> In this appeal, Mr. Robertson is challenging the district court's February 14 and February 20, 2024 orders denying two successive post-judgment motions (ECF Nos. 48 & 50). The underlying case is a prisoner civil rights case. Therefore, it appears that the prepayment requirement imposed by 28 U.S.C. § 1915(g) applies to this appeal, and Mr. Robertson is not eligible to proceed further with this appeal unless and until he pays the appellate filing fees in full.

*Robertson v. Kansas*, Case No. 24-3030 (D.C. No. 5:07-CV-03162-JWL) (10th Cir. Feb. 27, 2024).

Plaintiff argues that under Fed. R. App. P. 24(a)(3), he should be allowed to appeal in forma pauperis because he was granted leave to proceed in forma pauperis in the district court. However, Rule 24(a)(3) provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: . . . a statute provides otherwise." Fed. R. Civ. P. 24(a)(3)(B). A statute—§1915(g)—provides otherwise. *See Boling-Bey v. U.S. Parole Com'n*, 559 F.3d 1149, 1151–53 (10th Cir. 2009) (finding that a party may not proceed ifp on appeal without further authorization if "a statute provides otherwise" and that the provisions of the PLRA apply) (citing *see Jackson*

*v. Stinnett,* 102 F.3d 132, 134, 136 (5th Cir.1996) (explaining that the PLRA's modification of § 1915(a) repealed Rule 24(a) to the extent there was a conflict between them); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1489 (11th Cir. 1997) (adopting *Jackson*); *Morgan v. Haro,* 112 F.3d 788, 789 (5th Cir.1997) (relying on *Jackson* for the proposition that under the PLRA, "[a] prisoner who seeks to proceed IFP on appeal must obtain leave to [do] so despite proceeding IFP in the district court"); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1136 (6th Cir.1997) (administrative order) (adopting *Jackson* )). The advisory committee notes to Rule 24 also show that the requirements of the PLRA continue to apply and the rule was amended to eliminate any apparent conflict with the PLRA.  The notes provide that:

> Rule 24(a)(3) has been amended to resolve this conflict. Again, recognizing that future legislation regarding prisoner litigation is likely, the Committee has not attempted to incorporate into Rule 24 all of the requirements of the current version of 28 U.S.C. § 1915. Rather, the Committee has amended Rule 24(a)(3) to clarify that the rule is not meant to conflict with anything required by the PLRA or any other statute.

*Id*. at 1153 (citing Fed. R. App. P. 24 advisory committee's notes (2002)).

As a three-strikes litigant, Plaintiff is not entitled to appeal without prepaying the appellate filing fee unless he shows imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Plaintiff has failed to show that he is under imminent danger of serious physical injury.  Because Plaintiff has not shown that he meets the only exception set forth in § 1915(g), the Court denies leave to appeal in forma pauperis.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 55) is **denied.**

Copies of this order shall be transmitted to Plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

3

**IT IS SO ORDERED**.

**Dated March 13, 2024, in Kansas City, Kansas.**

                                            <u>S/  John W. Lungstrum</u>
                                            JOHN W. LUNGSTRUM
                                            UNITED STATES DISTRICT JUDGE